Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-13253-NMC |
| BASIC WATER COMPANY SPE 1, LLC, | Chapter 11 |
| Debtor. | Hearing Date: **OST REQUESTED** |
| | Hearing Time: **OST REQUESTED** |

**EMERGENCY MOTION FOR ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Debtors and debtors-in-possession Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and, together with BWC, "**Basic Water**" or the "**Debtors**"), hereby file this emergency motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, directing the joint administration of their Chapter 11 cases for procedural purposes pursuant to Sections 101(2) and 105(a) of the Bankruptcy Code,[1] Bankruptcy Rule 1015(b), and LR 1015.

This Motion is made and based on the *Declaration of Stephanne Zimmerman in Support of Debtors' Chapter 11 Petitions, First Day Motions, and Related Relief* (the "**First Day**

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. All other initially capitalized terms not defined herein shall have the meanings ascribed to them in the First Day Declaration.

1

**Declaration**"), filed contemporaneously herewith, the points and authorities set forth below, the pleadings and papers contained in this Court's file, judicial notice of which is respectfully requested, and any evidence or oral argument presented at the time of the hearing on this Motion.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to LR 9014.2, the Debtors consent to entry of a final order or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the U.S. Constitution.

2. Venue of the Debtors' Chapter 11 cases (the "**Chapter 11 Cases**") in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and LR 1015.

## BACKGROUND

4. On September 10, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court.

5. The Debtors continue to operate as a debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, the Office of the United States Trustee for Region 17 (the "**UST**") has not appointed a committee of unsecured creditors in the Chapter 11 Cases. *See* Dockets.

7. A detailed description of the Debtors' financial obligations, events leading up the Petition Date, and other matters are set forth in the First Day Declaration of Stephanne Zimmerman.

## RELIEF REQUESTED

8. In order to optimally and efficiently administer their Chapter 11 Cases, the Debtors seek entry of an order directing procedural consolidation and joint administration of their Chapter 11 Cases pursuant to Sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and LR 1015, with BWC's Chapter 11 Case, Case No. 22-13252-MKN, denominated the lead case. Specifically, the Debtors request that the Court maintain one file and one docket for the

Chapter 11 Cases under the case of BWC, and that the Chapter 11 Cases be administered under the following caption:

| In re: | Case No.: 22-13252-MKN |
|---|---|
| BASIC WATER COMPANY, | Chapter 11 |
| Debtor. | *Jointly administered with*: |
| ☐ Affects All Debtors | In re Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC |
| ☐ Affects Basic Water Company | |
| ☐ Affects Basic Water Company SPE 1, LLC | |

9. Additionally, the Debtors request that an entry be made on the docket of SPE substantially stating as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015 of the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada directing joint administration of the chapter 11 cases of: Basic Water Company, Case No. 22-13252-MKN and Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC for procedural purposes only. The docket in Case No. 22-13252-MKN should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. As defined in Section 101(2) of the Bankruptcy Code, the term "affiliates" constitutes, in pertinent part, an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities . . . ." 11 U.S.C. § 101(2)(A). The Debtors are "affiliates" as that term is defined under the Bankruptcy Code. BWC is the parent and sole owner of SPE, holding 100% of the membership interests in that entity. *See* First Day Decl., ¶ 58. Accordingly, the Court is authorized under Bankruptcy Rule 1015(b) to grant the relief requested herein.

3

1  11. Local Rule 1015 supplies additional authority for the Court to order joint administration of these Chapter 11 Cases by allowing the consolidation of "related cases." Local Rule 1015(b)(6) further provides that "related cases" includes cases where "[t]he debtors are affiliated as that term is defined under 11 U.S.C. § 101(2)."

12. Courts in this District and others have granted similar relief in cases with related debtors. *See, e.g. In re Alpha Guardian, A Nevada Corporation,* No. 20-11016 (MKN) (Bankr. D. Nev. March 3, 2020); *In re Red Rose, Inc.*, No. 20-12814 (MKN) (Bankr. D. Nev. June 23, 2020); *In re Lucky Dragon Hotel & Casino LLC* (Bankr. D. Nev. March 1, 2018); *In re Lakeland Tours, LLC, et al.*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 22, 2020) (directing joint administration of chapter 11 cases); *In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 29, 2020) (same); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. April 17, 2020) (same).

13. Joint administration is appropriate here because the Debtors are interdependent, both financially and operationally, as described in the First Day Declaration. For example, while SPE owns the Water Facilities and delivers water to the City pursuant to the City Water Delivery Contract, BWC utilizes the Water Facilities to deliver water to the Industries under the Industry Water Contracts and is the party to the 1969 Contract with the Department of Interior. Accordingly, the Debtors anticipate that most motions, applications, and hearings will affect both Debtors, and joint administration will promote the economical and efficient administration of the cases and reduce the cost of administration of the Chapter 11 Cases, including the cost of serving notices. *See* First Day Decl., ¶¶ 60-61.

14. The Debtors are seeking joint administration only for procedural purposes and are not presently requesting that the Chapter 11 Cases be substantively consolidated. Therefore, joint administration will not impair any creditors' right to recover from the assets of a particular Debtor or otherwise adversely affect any creditor or other party in interest. Rather, joint administration will relieve the Debtors and the Court of the burden of duplicative filings, simplify case administration, and benefit creditors by reducing the costs of administration.

15. Although conflict between the estates is not anticipated, to the extent circumstances arise in which creditors may be adversely affected by joint administration, the Bankruptcy Court has the power to limit joint administration to the extent necessary pursuant to Bankruptcy Rule 1015(c). Therefore, if creditors are later adversely affected by joint administration, the Bankruptcy Court has a mechanism available to protect such creditors.

16. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

## CONCLUSION

WHEREFORE, each of the Debtors respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit 1**, authorizing the joint administration of the Chapter 11 Cases under the case number assigned to BWC and approving the caption of the jointly administered Chapter 11 Cases, and grant such other relief as the Court deems just and proper.

Dated: September 10, 2022.

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for the Debtors*

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>BASIC WATER COMPANY,<br><br>Debtor.<br><br>☐ Affects All Debtors<br>☐ Affects Basic Water Company<br>☐ Affects Basic Water Company SPE 1, LLC | Case No.: 22-13252-MKN<br><br>Chapter 11<br><br>*Jointly administered with*:<br><br>In re Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC<br><br>Hearing Date:<br>Hearing Time: |
|---|---|

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Basic Water Company, a Nevada corporation ("**BWC**") and Basic Water Company SPE 1, LLC, a Nevada limited liability company ("**SPE**" and,

---
[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

together with BWC, "**Basic Water**" or the "**Debtors**") in their respective Chapter 11 Cases[2] for the entry of an order directing the joint administration of their Chapter 11 Cases for procedural purposes pursuant to Sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015; and that the relief requested in the Motion is necessary and is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has exclusive jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334(e)(2); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held on the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and all parties appearing having an opportunity to be heard; and good and sufficient cause appearing therefore,

     **IT IS HEREBY ORDERED** that:

     1.    The Motion is GRANTED.

     2.    The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-13252-MKN.

     3.    The caption of the jointly administered cases shall appear as follows:

| In re: | Case No.: 22-13252-MKN |
|---|---|
| BASIC WATER COMPANY, | Chapter 11 |
| Debtor. | *Jointly administered with*: |
| Affects All Debtors ☐ | In re Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC |
| Affects Basic Water Company ☐ | |
| Affects Basic Water Company SPE 1, LLC ☐ | |

---

[2] In re Basic Water Company, Case No. 22-13252-MKN, ECF No. 4; In re Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC, ECF No. 4.

2

4. An entry shall be made on the docket of Basic Water Company SPE 1, LLC on the docket of Case No. 22-13253-NMC, substantially stating as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015 of the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada directing joint administration of the chapter 11 cases of: Basic Water Company, Case No. 22-13252-MKN and Basic Water Company SPE 1, LLC, Case No. 22-13253-NMC for procedural purposes only. The docket in Case No. 22-13252-MKN should be consulted for all matters affecting this case.

5. The Debtors shall maintain, and the clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' Chapter 11 Cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for the Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(h), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for the Debtors*

###

4